IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRENNAN R. TRASS,

                          Plaintiff,

      v.                                               CASE NO. 24-3208-JWL

STATE OF KANSAS, et al.,

                          Defendants.

## MEMORANDUM AND ORDER

    Plaintiff and state prisoner Brennan R. Trass, who is housed at El Dorado Correctional Facility in El Dorado, Kansas, filed this pro se civil action pursuant to 42 U.S.C. § 1983. (Doc. 1.) The Court has reviewed the complaint and identified deficiencies that are set forth below and that leave the complaint subject to dismissal in its entirety. The Court therefore will grant Plaintiff time in which to file a complete and proper amended complaint that cures the deficiencies identified herein. If Plaintiff fails to do so in the allotted time, this matter will be dismissed without further prior notice to him.

    **I.    Nature of the Matter before the Court**

    In 2019, a jury in Reno County, Kansas convicted Plaintiff of first-degree felony murder and criminal possession of a firearm. *See State v. Trass*, 319 Kan. 525, 528 (2024). Plaintiff filed a direct appeal and, after a remand for additional proceedings, the Kansas Supreme Court (KSC) issued its final opinion on September 27, 2024. It concluded that "the district court violated Trass' right to counsel under the Sixth Amendment to the United States Constitution," which was a "structural error affecting the trial mechanism." *Id.* at 482. Thus, the KSC reversed Plaintiff's convictions and remanded for a new trial. *Id.*

1

On November 20, 2024, Plaintiff filed in this Court the complaint that began this federal civil rights action. (Doc. 2.) As Defendants, Plaintiff names the State of Kansas; state District Judge Trish Rose, who presided over the criminal proceedings against Plaintiff; Reno County District Attorney Tom Stanton, who prosecuted the case; court reporter Marsha Potter; Reno County Public Defenders Sarah McKinnon and Christine Jones, both of whom were appointed to represent Plaintiff during the trial proceedings; the Director of Kansas' Board of Indigent Defense Services (BIDS); Carl Maughn, Kevin Loeffler, Bobby Hiebert, Clayton Perkins, and Carol Longenecker-Schmidt, all of whom are attorneys who represented Plaintiff at various times in the state-court proceedings and on appeal; and the Estate of Shannon Crane (Deceased). Shannon Crane was yet another attorney, now deceased, who was appointed to represent Plaintiff during the criminal proceedings. *Id.* at 1; (Doc. 1-1, p. 1-2).

As Count I, Plaintiff alleges the violation of his Fifth Amendment right to Due Process, with the notation "Notice and Opportunity to be heard" written underneath. (Doc. 1, p. 3.) As Count II, Plaintiff alleges the violation of his Sixth Amendment right to counsel, "Speedy trial, [and] Due Process." *Id.* As Count III, Plaintiff alleges the violation of his Fourteenth Amendment "Due Process right to appear and be heard." *Id.* at 4. In the space on the required form for setting forth the facts that support each count, Plaintiff has written "See [a]attached Legal Claims Section IV." *Id.* at 3-4.

To his complaint, Plaintiff has attached a typewritten complaint that includes a facts section consisting of six paragraphs that relate various events that occurred during the state-court proceedings. (Doc. 1-1, p. 2.) The facts section alleges, among other things, that continuances were granted without Plaintiff first being given an opportunity to be heard, that some of the Defendants engaged in "subterfuge," that Judge Rose violated or ignored state statutes and made fraudulent

fact findings on the record, that Plaintiff's speedy trial rights were violated, and that Plaintiff received ineffective assistance of counsel. *Id.* at 2-3

Below this facts section is a section titled "Legal Claims" that states:

> These actions taken by State and local Government agents and officials have violated Mr. Trass's 5th Amendment Due Process Rights (notice and opportunity to [be] heard) As well as 6th Amendment Right to Counsel, 14th Amendment Due Process, the Right to Free Speech, Equal Protection Under the Law. And Racial discrim[i]nation.

*Id.* at 3. As relief, Plaintiff seeks declaratory and injunctive relief; compensatory damages in the amount of $5,000,000.00 total or $750,000.00 per Defendant; punitive damages in the amount of $5,000,000.00 total or $750,000.00 from each attorney; and the costs of this suit. (Doc. 1, p. 5; Doc. 1-1, p. 4.)

## II.   Screening Standards

Because Plaintiff is a prisoner, the Court is required by statute to screen his complaint and to dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). During this screening, the Court liberally construes this pro se complaint and holds it to "less stringent standards than formal pleadings drafted by lawyers." *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the Court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, the Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *See Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was

3

committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48-49 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Furthermore, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted.)

The Court must determine whether Plaintiff has "nudge[d] his claims across the line from conceivable to plausible." *See Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (quotation marks and citation omitted). "Plausible" in this context refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not met his or her burden. *Robbins v. Okla.*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 550 U.S. at 570).

### III. Discussion

#### A. Defendants

##### i. Immune Defendants (The State of Kansas, County Attorney Stanton, and Judge Rose)

This matter is subject to dismissal as it is brought against the State of Kansas because it is barred by the Eleventh Amendment. "'The Eleventh Amendment is a jurisdictional bar that precludes unconsented suits in federal court against a state and arms of the state.'" *Peterson v. Martinez*, 707 F.3d 1197, 1205 (10th Cir. 2013) (quoting *Wagoner Cnty. Rural Water Dist. No. 2*

4

*v. Grand River Dam Auth.*, 577 F.3d 1255, 1258 (10th Cir. 2009)); *see also Hunter v. Kansas*, 2008 WL 2397559, *2 (D. Kan. June 10, 2008) (unpublished) ("The Eleventh Amendment clearly bars plaintiff's suit against the State of Kansas, BIDS, and all state defendants acting in their official capacity."). Therefore, in the absence of consent, a suit in which the state is named as a defendant is "proscribed by the Eleventh Amendment." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). It is well established that Congress did not abrogate the states' sovereign immunity when it enacted § 1983. *See Quern v. Jordan*, 440 U.S. 332, 338–45 (1979); *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002). Plaintiff has not shown that the State of Kansas has waived immunity from suit, so the state must be dismissed as a Defendant.

This matter is subject to dismissal as it is brought against Defendant Stanton because he is immune from liability for the acts attributed to him in the complaint. Prosecutors are absolutely immune from civil liability for damages for "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his [or her] role as an advocate for the State." *Stein v. Disciplinary Bd. of Supreme Court of N.M.*, 520 F.3d 1183, 1193 (10th Cir. 2008) (quoting *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993)). Even liberally construing the complaint and attachment thereto, Plaintiff's allegations involving Defendant Stanton involve only actions he took in the course of his role as an advocate for the State during Plaintiff's criminal prosecution. He is immune from civil liability for such acts and must be dismissed from this matter.

Similarly, this matter is subject to dismissal as it is brought against Defendant Judge Rose. Judges are absolutely immune from civil suits based on actions taken in their judicial capacity, except where they act in the clear absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). Even liberally construing the

complaint and attachment thereto, Plaintiff's allegations involving Judge Rose involve only actions she took in her judicial capacity and Plaintiff does not allege that she acted in the clear absence of all jurisdiction. Accordingly, Judge Rose must be dismissed from this matter.

### ii. Defense Counsel (Defendants McKinnon, Jones, Maughn, Loeffler, Hiebert, Perkins, Longenecker-Schmidt, and the Estate of Shannon Crane)

This matter is subject to dismissal as it is brought against various counsel who represented Plaintiff during his state-court criminal proceedings because they are not state actors. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed *by a person acting under color of state law*." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted and emphasis added); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). The United States Supreme Court has held that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 324 (1981).

"[A] person acts under color of state law only when exercising power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Id.* at 317-18 (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)). The role of a public defender is adversarial to the State and the traditional duties of a public defender in a criminal proceeding are not considered actions taken under color of state law. *Id.* at 321, 324-25. Thus, § 1983 claims against one's public defender based on performance of a public defender's "traditional functions as counsel to a defendant in a criminal proceeding . . . must be dismissed." *Id.* at 325.

Even liberally construing all of the allegations in the complaint and attachment thereto,

Plaintiff's allegations involving these Defendants involve only actions taken within the scope of defense counsel's traditional functions. Thus, these Defendants were not acting under color of state law and Plaintiff cannot sustain a plausible claim against them under § 1983.=

### B.  Failure to State a Plausible Claim for Relief

### C.  Personal Participation

This matter is subject to dismissal as it is brought against Defendants Potter and the Director of BIDS because the complaint and attachment thereto do not state a plausible claim for relief against them. Specifically, the complaint and attachment fail to sufficiently allege either Defendant's personal participation in a constitutional violation.

An essential element of a civil rights claim under § 1983 against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006). A viable § 1983 claim must establish that each defendant caused a violation of Plaintiff's constitutional rights. *See Walker v. Johiuddin*, 947 F.3d 1244, 1249 (10th Cir. 2020) (quoting *Pahls v. Thomas*, 718 F.3d 1210, 1228 (10th Cir. 2013)). As a result, Plaintiff must not only name each defendant in the caption of the complaint, he must do so again in the body of the complaint and include in the body a description of the acts taken by each defendant that violated Plaintiff's federal constitutional rights.

#### i.  Defendant Potter

The only factual allegation about Defendant Potter in the complaint and attachment thereto is that she is a county court reporter, followed by the notation "Fraudulent Records." (Doc. 1-1, p. 2.) Plaintiff does not further explain the assertion that Defendant Potter participated in the creation of fraudulent records. As noted above, a pro se litigant's "conclusory allegations without

7

supporting factual averments are insufficient to state a claim upon which relief can be based." *See Hall*, 935 F.2d at 1110. Plaintiff has failed to identify the allegedly unconstitutional acts of Defendant Potter. *See Twombly*, 550 U.S. at 565, n. 10. Thus, Defendant Potter is subject to dismissal from this matter.

### ii. The Director of BIDS

The only factual allegations Plaintiff makes involving the Director of BIDS is that she "instructed Judge Trish Rose to force [Plaintiff] to represent [him]self at trial," which Judge Rose did. (Doc. 1, p. 2 (capitalization normalized).) Plaintiff further asserts that the KSC stated in its opinion reversing Plaintiff's convictions that "Judge Rose stated on [the] record that she was instructed by the Director of BIDS to make [Plaintiff] represent himself at trial." (Doc. 1-1, p. 2-3.)

The Court has reviewed the KSC opinion. In relevant part, it states that after granting defense counsel's motion to withdraw, Judge Rose stated:

> "What we're going to do tomorrow . . . is have a hearing where Mr. Trass will be brought back and I'm going to tell him that he is now representing himself. I have no options for appointment. *I've conferred with the head of BIDS . . . and she has confirmed to me my ability to require—well, basically to proceed with the defendant representing himself.* And then the question, my question to Mr. Trass will be, do you wish to proceed to trial March 25? And we'll go from there."

*Trass*, 319 Kan. at 533 (emphasis added).

The italicized language does not reflect an *instruction* by the Director of BIDS; rather, it reflects that the Director of BIDS "confirmed" to Judge Rose that Judge Rose had the ability to require Plaintiff to represent himself. The choice to do so remained with Judge Rose. Moreover, neither the KSC's opinion nor any facts alleged in the complaint indicate that the Director of BIDS told Judge Rose that she could require Plaintiff to proceed pro se without first taking the steps required by the Constitution to protect the fundamental right to counsel. It merely reflects that the

8

Director of BIDS confirmed Judge Rose's ability to require Plaintiff to proceed pro se.

The KSC ultimately determined that "the district court deprived [Plaintiff] of his constitutional right to counsel," *see id.* at 546, but it did not do so because there are no circumstances under which a judge may find a criminal defendant has relinquished the right to proceed with counsel. *See id.* at 538 ("Criminal defendants may also relinquish their right to counsel . . . by waiver or forfeiture."). Rather, the KSC held that Plaintiff "did not expressly waive his right to counsel," nor did he implicitly waive that right through his conduct. *Id.* at 543-44. Regarding implicit waiver, the KSC explained that Judge Rose's "failure to advise Trass about the disadvantages of self-representation—even after the State encouraged the court to hold a hearing to do so—precludes a finding that Trass knowingly, voluntarily, and intentionally chose to relinquish his right to counsel." *Id.* (citation omitted). Finally, the KSC held that Plaintiff's "conduct did not demonstrate the severe or egregious obstructive and dilatory behavior which would allow the court to permissibly conclude the defendant had forfeited the right to counsel." *Id.* at 546 (citation omitted). Accordingly, the KSC "conclude[d] the district court deprived Trass of his constitutional right to counsel during pretrial proceedings and during the nine-day trial." *Id.* The KSC's opinion does not, on its face, attribute the district judge's actions to the Director of BIDS and, absent specific factual allegations, neither will this Court.

In order to state a plausible claim under § 1983 against the Director of BIDS, Plaintiff must allege facts that show her direct personal participation in the acts or inactions upon which the complaint is based. *See Graham*, 473 U.S. at 166; *Trujillo*, 465 F.3d at 1227. In other words, Plaintiff must show that the Director of BIDS caused a violation of Plaintiff's constitutional rights. *See Walker*, 947 F.3d at 1249. Even liberally construing the complaint and the attachment, Plaintiff has not shown that the Director of BIDS caused the violation of Plaintiff's constitutional right to

9

counsel or any other constitutional right. Accordingly, this Defendant is subject to dismissal.

### D. Rule 8

This action also is subject to dismissal in its entirety because it fails to comply with Federal Rule of Civil Procedure 8.[1] Rule 8 requires that a complaint "contain . . . a short and plain statement of the claim showing that [the plaintiff] is entitled to relief." The purpose of Rule 8 "is 'to give opposing parties fair notice of the basis of the claim against them so that they may respond to the complaint, and to apprise the court of sufficient allegations to allow it to conclude, if the allegations are proved, that the claimant has a legal right to relief.'" *Monument Builders of Greater Kan. City, Inc. v. Am. Cemetery Ass'n of Kan.*, 891 F.2d 1473, 1480 (10th Cir. 1998) (quoting *Perington Wholesale, Inc. v. Burger King Corp.*, 631 F.2d 1369, 1371 (10th Cir. 1979)).

Even liberally construing the pro se complaint, the Court cannot determine which facts alleged therein form the basis of each Count for relief. Thus, the complaint would not give opposing parties fair notice of the basis of the claim or claims against them. As noted above, Count I alleges the violation of Plaintiff's due process rights under the Fifth Amendment, specifically his right to be given notice and an opportunity to be heard. (Doc. 1, p. 3.) Count II alleges the violation of Plaintiff's Sixth Amendment "right to counsel, speedy trial, [and] due process." *Id.* Count III alleges the violation of Plaintiff's 14th Amendment due process "right to appear and be heard." *Id.* at 4.

The Court also notes that the facts section of the attachment to the complaint includes legal argument, such as asserting that Judge Rose "violated [Plaintiff's] right to free speech by ordering him not to talk." *Id.* at 2. Yet none of the three Counts identified in the complaint itself are based

---

[1] The Federal Rules of Civil Procedure apply to suits brought by prisoners. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Pro se litigants must "follow the same rules of procedure that govern other litigants." See *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007); *McNeil v. United States*, 508 U.S. 106, 113 (1993) (federal rules apply to all litigants, including prisoners lacking access to counsel).

10

on a violation of the First Amendment's right to free speech. Thus, it is not clear precisely what claims Plaintiff intends to bring in this matter.

In the space on the required form for setting forth the supporting facts for each count, Plaintiff merely refers the reader to the section of the attached document titled "Legal Claims." *Id.* at 3-4. Again, the attached document sets forth six paragraphs of alleged facts then generally alleges, in the Legal Claims section, that the actions "violated Mr. Trass's 5th Amendment Due Process Rights (notice and opport[u]nity to be heard) [a]s well as 6th Amendment right to Counsel, 14th Amendment Due Process, the Right to Free Speech, Equal Protection Under the Law[ a]nd Racial discrim[i]nation." (Doc. 1-1, p. 2-3.)

This type of general argument is insufficient to identify which factual assertions support each alleged constitutional violation as required to give notice to Defendants of the claims against them and to allow the Court to determine whether Plaintiff has pled a plausible claim for relief. As the Tenth Circuit has explained, "to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed (the plaintiff); and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007). Additionally, Plaintiff must identify which alleged facts support each claim for relief. The failure to do so leaves this matter subject to dismissal under Rule 8.

### E. Relief Requested

To the extent that Plaintiff seeks an order directing his release, such relief is unavailable in this § 1983 action. A petition for habeas corpus relief is a state prisoner's sole remedy in federal court for a claim of entitlement to immediate or speedier release. *See Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973); *Boutwell v. Keating*, 399 F.3d 1203, 1209 (10th Cir. 2005).

Additionally, to the extent that Plaintiff seeks monetary damages, the Court reminds Plaintiff that under the Prison Litigation Reform Act (PLRA), "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." 42 U.S.C. § 1997e(e). As used in the PLRA, "prisoner" includes is "any person incarcerated or detained in any facility who is accused of . . . violations of criminal law." 42 U.S.C. § 1997e(h). This provision of the PLRA "limits the remedies available, regardless of the rights asserted, if the only injuries are mental or emotional." *Searles v. Van Bebber*, 251 F.3d 869, 876 (10th Cir. 2001). It applies regardless of the nature of the underlying substantive violation asserted. *Id.* Simply put, without "a prior showing of physical injury or the commission of a sexual act," a prisoner plaintiff may not obtain compensatory damages. *Id.* at 878. Plaintiff does not allege that he suffered a physical injury or the commission of a sexual act, so compensatory damages are not available to him in this action based on the factual allegations in the complaint.

Punitive damages are available in a § 1983 lawsuit, but they "are available only for conduct which is 'shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others.'" *Searles v. Van Bebber*, 251 F.3d 869, 879 (10th Cir. 2001) (quoting *Smith v. Wade*, 461 U.S. 30, 56 (1983)). In order to plead a plausible claim for punitive damages, Plaintiff must do more than make conclusory statements—he must provide sufficient specific supporting factual allegations.

Plaintiff also seeks a "declaration that the acts and omissions described herein violated" his federal and constitutional rights, as well as "[a] preliminary and permanent injunction ordering the defendants to stop . . . and discontinue illegal methods in violating rights." (Doc. 1, p. 5; Doc.

12

1-1, p. 4.) Injunctive and declaratory relief are unavailable to Plaintiff in this action for three reasons.

First, the Tenth Circuit has long recognized that multiple United States Supreme Court opinions "have held that while a plaintiff who has been constitutionally injured can bring a § 1983 action to recover damages, that same plaintiff cannot maintain a declaratory or injunctive action unless he or she can demonstrate a good chance of being constitutionally injured in the future." *Facio v. Jones*, 929 F.2d 541, 544 (10th Cir. 1991); *see also Barney v. Pulsipher*, 143 F.3d 1299, 1306 n.3 (10th Cir. 1998) ("A 'plaintiff cannot maintain a declaratory or injunctive action unless he or she can demonstrate a good chance of being likewise injured in the future.'"). The Court recognizes that Plaintiff is facing retrial, but the KSC opinion reversing the convictions remanded the matter "for a new trial before a different judge" and there is no indication that any proper Defendant in this matter will be involved in the new trial. The Court declines to speculate that there is a good chance Plaintiff will be constitutionally injured in any forthcoming retrial.

Second, this Court cannot enter an injunctive order directing a Kansas state district court to take or not take certain actions in a criminal proceeding. Federal injunctive orders generally bind only certain types of individuals and the Kansas state court system does not fall within those parameters. See Fed. R. Civ. P. 65 (discussing injunctions and restraining orders). Third, any such order would likely be prohibited by the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37, 46 (1971), which requires federal courts abstain from intervening in ongoing state criminal proceedings unless "irreparable injury" is "both great and immediate."

### F.  Conclusion

For the reasons set forth above, this action is subject to dismissal in its entirety. Plaintiff is therefore given the opportunity to file a complete and proper amended complaint upon the

required, court-approved form that cures all the deficiencies discussed herein. Plaintiff is advised that an amended complaint does not supplement the initial complaint; an amended complaint completely replaces the initial complaint. Therefore, any claims or factual allegations not included in the amended complaint will not be before the Court. Plaintiff may not refer to or incorporate by reference his initial complaint or the attachment thereto. The amended complaint must contain all allegations, claims, and exhibits that Plaintiff intends to pursue in this action, including those to be retained from his initial complaint and the attachment thereto.

Plaintiff must write the number of this case (24-3208) at the top of the first page of his amended complaint. He must identify only defendants who may be sued under § 1983 and he must allege sufficient facts to show that each defendant personally participated in the federal constitutional violations he alleges, as discussed above. For each Count, he must clearly identify the constitutional right or rights he believes was violated and he must identify the specific facts that support each alleged violation. Plaintiff may attach additional pages to the form complaint if necessary, but he should not utilize the form only to refer the Court generally to an attached memorandum.

If Plaintiff fails to timely file an amended complaint, the Court will proceed on the current complaint, which will be dismissed without further prior notice to Plaintiff for the reasons stated herein. If Plaintiff timely files an amended complaint, the Court will conduct the statutorily required review of the amended complaint and issue further orders as necessary. Plaintiff is further reminded that his initial partial filing fee of $116.00—or any motion for extension of time to pay the initial partial filing fee—is due on or before December 10, 2024. (Doc. 6.)

**IT IS THEREFORE ORDERED** that Plaintiff is granted to and including **January 7,**

**2025**, to file a complete and proper amended complaint that cures all the deficiencies discussed herein. If Plaintiff fails to do so, this matter will be dismissed without further prior notice to Plaintiff. The clerk is directed to send 1983 forms and instructions to Plaintiff.

**IT IS SO ORDERED.**

DATED:  This 5th day of December, 2024, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge